# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| KENNETH A. SANDERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:16-cv-2919 |
| ) | |
| HONORABLE JUDGE DAVID BRAGG, ) | Judge Trauger |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Petitioner Kenneth A. Sanders is a state prisoner presently incarcerated at the Bledsoe County Correctional Complex in Pikeville, Tennessee. Before the court is the petitioner's application to proceed *in forma pauperis.* (ECF No. 2). In addition, the petitioner has filed a petition for writ of mandamus which is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**I.   Application to Proceed *In Forma Pauperis***

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee of $350 required by 28 U.S.C. § 1914(a). Because the petitioner properly submitted an *in forma pauperis* affidavit, and because it appears from his submissions that the petitioner lacks sufficient financial resources from which to pay the full filing fee in advance, the application (ECF No. 2) will be granted.

Nevertheless, under § 1915(b), the petitioner remains responsible for paying the full filing fee. *See Bruce v. Samuels*, ___ U.S. ___, 136 S.Ct. 627, 632, n.3 (2016) (assuming "without deciding that a mandamus petition qualifies as a 'civil action' or 'appeal' for purposes of 28 U.S.C. §1915(b)"); *Gross v. Experian*, No. 10-cv-150-GFVT, 2015 WL 1038835, at *3-*4 (E.D. Ky. Mar. 10, 2015) (noting that mandamus actions are civil proceedings to which the PLRA filing fee requirements apply). The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-petitioner's the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, the petitioner will be assessed the full $350 filing fee, to be paid as directed in the order accompanying this memorandum opinion.

## II. Initial Review

### A. Standard of Review

Under the PLRA, the court must conduct an initial review of any civil action brought by a prisoner if it is filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), seeks relief from government entities or officials, 28 U.S.C. § 1915A, or challenges the prisoner's conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the court must dismiss the petition, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the petition to determine whether it states a plausible claim, "a district court must (1) view the [petition] in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

    B. <u>Factual Allegations</u>

The petition is comprised of 5 hand-written pages of text, which is difficult, if not impossible, to piece together into a coherent whole. It appears that the petitioner is seeking an order of this court directing Judge Bragg to appoint new counsel and resentence him to a lesser sentence because he was forced and coerced into accepting a plea agreement in connection with a parole violation and because he was mistreated and discriminated against during the sentencing proceedings. The petitioner additionally seeks compensatory and punitive damages against Judge Bragg.

    C. <u>Discussion</u>

Under 28 U.S.C. § 1361, "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States or any agency*

*thereof* to perform a duty owed to the plaintiff." *Id.* (emphasis added).  A writ of mandamus is a drastic remedy available only in extraordinary cases.  *See Kerr v. U.S. Dist. Ct.*, 426 U.S. 394, 402 (1976); *Will v. United States*, 389 U.S. 90, 95 (1967).  A petitioner seeking a mandamus must demonstrate that: "(1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (internal quotation marks and citation omitted); *see also Bd.of Comm'rs of Knox Cnty. v. Aspinwall*, 65 U.S. 376, 377 (1860) (issuance of a writ of mandamus to enforce performance is appropriate only when "there is no other adequate remedy").

The petitioner requests that this court issue a writ of mandamus compelling a state court judge to appoint new counsel and resentence him in connection with his parole violation.  This court does not have the authority to do so.  Consequently, the petition must be dismissed because it is frivolous, *see Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (holding that an action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact"), and fails to state a claim upon which relief can be granted.

Even if the court were to construe the petition as a complaint under 42 U.S.C. § 1983, it would still have to be dismissed because Judge Bragg is immune from suit.

As best as can be discerned, the petitioner claims that Judge Bragg violated his due process rights when he allegedly forced and coerced the petitioner to accept a plea agreement and because Judge Bragg allegedly mistreated and discriminated against the plaintiff during the sentencing process.  Generally, a judge is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (recognizing that "it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the

authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.") (internal quotations omitted); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11; *see Forrester v. White*, 484 U.S. 219, 229 (1988) (noting that immunity is grounded in "the nature of the function performed, not the identity of the actor who performed it"). Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Mireles,* 502 U.S. at 12.

The petitioner's allegations fail to implicate either of the exceptions to judicial immunity. There is no doubt that accepting a plea agreement and sentencing the petitioner were judicial acts and, the petitioner does not suggest that Judge Bragg was acting without jurisdiction to do so. Accordingly, Judge Bragg is absolutely immune from liability.

### III. CONCLUSION

For the reasons set forth herein, the petition must be dismissed because it is frivolous, fails to state a claim upon which relief can be granted and sues a party who is immune from suit. 28 U.S.C. § 1915(e)(2)(B)(ii). For the same reasons that the court dismisses this action, the court finds that an appeal of this action would not be taken in good faith. The court therefore certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by the petitioner would not be taken in good faith, and the petitioner will not be granted leave by this court to proceed on appeal *in forma pauperis*.

For purposes of analysis under 28 U.S.C. § 1915(g) of future cases, if any, filed by this petitioner, the dismissal of this action constitutes a "strike," which shall take effect when

judgment is entered. *Coleman v. Tollefson,* ___ U.S. ____, 135 S. Ct. 1759, 1765, 191 L. Ed. 2d 803 (2015).[1]

An appropriate order is filed herewith.

Aleta A. Trauger
United States District Judge

---

[1] A petition for writ of mandamus is a "civil action" within the meaning of 28 U.S.C. § 1915(g), and as such, is counted toward the three strikes where, as here, the prisoner's mandamus claims are essentially indistinguishable from those typically alleged in a civil rights action. *See In re Kissi,* 652 F.3d 39, 41–42 (D.C.Cir.2011); *In re Nagy,* 89 F.3d 115, 117 (2d Cir.1996); *Green v. Nottingham,* 90 F.3d 415, 417–18 (10th Cir.1996) ("The IFP amendments specifically target litigation by prisoners. Allowing prisoners to continue filing actions as they had before enactment of the amendments, merely by framing pleadings as petitions for mandamus would allow a loophole Congress surely did not intend in its stated goal of 'discourag[ing] frivolous and abusive prison lawsuits.'" (quoting H.R.Rep. No. 104–378, 104th Cong., 1st Sess. 166)).