# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| KENNETH A. SANDERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:16-cv-2919 |
| ) | |
| HONORABLE JUDGE DAVID BRAGG, ) | Judge Trauger |
| ) | |
| Respondent. ) | |

## ORDER

Petitioner Kenneth A. Sanders is a state prisoner presently incarcerated at the Bledsoe County Correctional Complex in Pikeville, Tennessee. Before the court is the petitioner's application to proceed *in forma pauperis* (ECF No. 2). In addition, the petitioner has filed a petition for writ of mandamus which is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

### A. Application to Proceed as a Pauper

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee of $350 required by 28 U.S.C. § 1914(a). Because the petitioner properly submitted an *in forma pauperis* affidavit, and because it appears from his submissions that the petitioner lacks sufficient financial resources from which to pay the full filing fee in advance, the application (ECF No. 2) is **GRANTED**.

However, under § 1915(b), the petitioner nonetheless remains responsible for paying the full filing fee. *See Bruce v. Samuels*, ___ U.S. ___, 136 S.Ct. 627, 632, n.3 (2016) (assuming "without deciding that a mandamus petition qualifies as a 'civil action' or 'appeal' for purposes of 28 U.S.C. §1915(b)"); *Gross v. Experian*, No. 10-cv-150-GFVT, 2015 WL 1038835, at *3-*4 (E.D. Ky. Mar. 10, 2015) (noting that mandamus actions are civil proceedings to which the PLRA filing fee requirements apply). The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-petitioners the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, the petitioner is hereby **ASSESSED** the full $350 filing fee, to be paid as follows:

(1) The custodian of the petitioner's inmate trust-fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to the petitioner's account; or (b) the average monthly balance in the petitioner's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust-fund officer must withdraw from the petitioner's account and pay to the Clerk monthly payments equal to 20% of all deposits credited to the petitioner's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this order, he must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this order and submit it to the Clerk along with the payment. All submissions to the court must clearly identify the petitioner's name

2

and the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED to** send a copy of this order to the Warden of the Bledsoe County Correctional Complex to ensure that the custodian of the petitioner's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the petitioner is transferred from his present place of confinement, the custodian of his inmate trust-fund account **MUST** ensure that a copy of this order follows the petitioner to his new place of confinement for continued compliance with this order.

If the petitioner is transferred to a different prison or is released, he is **ORDERED** to notify the court immediately, in writing, of his change of address.

B.     **Dismissal of the Complaint**

Having granted the petitioner leave to proceed *in forma pauperis*, the Court was required to conduct an initial screening of the petition and to dismiss it if it fails to state a claim upon which relief may be granted, is frivolous or malicious, or seeks relief from defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2); *cf. Brewer v. Cleveland Mun. Sch. Dist.*, 84 F. App'x 570, 571-73 (6th Cir. 2003) (affirming a district court's dismissal under § 1915(e)(2) of a complaint filed by a non-prisoner who was proceeding *in forma pauperis*).

Having conducted such a review, as set forth in the accompanying memorandum opinion, the court finds that the writ of mandamus is frivolous, fails to state a claim upon which relief may be granted and sues a party who is immune from suit. Accordingly, the petitioner's writ of mandamus is **DISMISSED**.

The same considerations that lead the court to dismiss this case also compel the conclusion that an appeal would not be taken in good faith. It is therefore **CERTIFIED**,

pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by the petitioner would not be taken in good faith, and the petitioner will not be granted leave by this court to proceed on appeal *in forma pauperis*.

For purposes of analysis under 28 U.S.C. § 1915(g) of future causes of action, if any, filed by this petitioner, the dismissal of this action constitutes a "strike," which shall take effect when judgment is entered. *Coleman v. Tollefson,* ___ U.S. ____, 135 S. Ct. 1759, 1765, 191 L. Ed. 2d 803 (2015).[1]

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge

---

[1] A petition for writ of mandamus is a "civil action" within the meaning of 28 U.S.C. § 1915(g), and as such, is counted toward the three strikes where, as here, the prisoner's mandamus claims are essentially indistinguishable from those typically alleged in a civil rights action. *See In re Kissi,* 652 F.3d 39, 41–42 (D.C.Cir.2011*)*; *In re Nagy,* 89 F.3d 115, 117 (2d Cir.1996); *Green v. Nottingham,* 90 F.3d 415, 417–18 (10th Cir.1996) ("The IFP amendments specifically target litigation by prisoners. Allowing prisoners to continue filing actions as they had before enactment of the amendments, merely by framing pleadings as petitions for mandamus would allow a loophole Congress surely did not intend in its stated goal of 'discourag[ing] frivolous and abusive prison lawsuits.'" (quoting H.R.Rep. No. 104–378, 104th Cong., 1st Sess. 166)).